HUSTON, JOHNSON & CO. *v.* T. J. STROW.

**Mortgage—Rents of Mortgaged Real Estate—Receiver.**

> The mortgagor of real estate is entitled to receive the rents, and the tenant having leased such premises and paid the rent for the term or having agreed to pay it to the owner, cannot be required to pay such rent to the mortgagee before he receives title through foreclosure.

**Receiver.**

> The mortgagee in an action to foreclose may have a receiver appointed to collect the rents and take charge of the property, where it is shown that the mortgaged property is in danger of being lost, removed or materially injured and that the property is probably insufficient to discharge the mortgage debt, but when no receiver is appointed the mortgagee is not entitled to such rents.

APPEAL FROM McCRACKEN CIRCUIT COURT.

February 7, 1876.

OPINION BY JUDGE PETERS:

One Morton being indebted to appellee in the sum of $5,000 due the 10th of July, 1870, executed to appellee a mortgage on a store-

house and lot in Paducah to secure the debt; Morton retained possession of the property, and on the 1st of October, 1870, after the condition of the mortgage had been broken, leased it to Huston, Johnson & Co., who entered as the tenants of Morton, and continued to occupy until the premises were sold in the fall of 1874, under appellee's judgment of foreclosure; and not selling for enough to satisfy appellants' debt, interest and costs, he instituted this action to compel appellants to pay him a reasonable rent for the premises from the 26th of March, 1874, until the same were sold under his judgment, he having notified them that he would look to them for the rent from said date. The law and facts having been submitted to the court, and a judgment having been rendered in favor of appellee against appellants for the rent as claimed, they have appealed to this court.

Appellants first leased the premises from Morton from the 1st of October, 1870, till the 1st of January, 1872, and paid the rent to Morton, from whom they leased with the knowledge and without objection on the part of appellee. They then rented from Morton for two years from the 1st of January, 1872, and paid the rent to him without objection or complaint from appellee; and on the 1st of January, 1875, they again rented the premises for one year at the price of $800 per annum, all of which they had paid Morton before the 26th of March, 1875, a part having been paid in repairs on the premises.

Sec. 329, of the Civil Code, provides that in an action by a mortgagee for a foreclosure of his mortgage and sale of the mortgaged property, a receiver in like manner may be appointed, where it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt.

The right of the mortgagor to remain in possession of the mortgaged premises until the same is sold, and to enjoy the use, profits, or rents, or until an action is brought for a foreclosure, and a receiver be appointed, upon it being made to appear that the mortgaged property is in danger of being lost, removed or materially injured, or that the condition of the mortgage has not been performed, and that there is a probability that the property is insufficient to pay the debt, is clear and manifest.

The remedy pointed out by the statute in such cases is direct, plain and effectual. But appellee chose a different course, one not

sanctioned by positive law nor sustained by precedent. And we therefore conclude the relief granted him by the court below was unauthorized, especially as it is shown that appellants had paid the rent to Morton before they were notified. Wherefore the judgment is *reversed* and the cause is remanded for further proceedings consistent herewith.

King & Gilbert, T. E. Moss, for appellant.
P. Palmer, for appellee.